Jefferey B. Lurner, Esq.
CA Bar No. 135452
The Law Offices of Jefferey B. Lurner, APC
114 Pacifica, Suite 250
Irvine, CA 92618
Tel: (949) 640-4321
Fax: (949) 271-5711
jlurner@email.com

David M. Laigaie, Esq.
Mark A. Wachlin, Esq.
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Tel: (215) 575-7195/7168
Fax: (215) 575-7200
dlaigaie@dilworthlaw.com
mwachlin@dilworthlaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants Ingrid E. Trenkle, M.D. and Ingrid E. Trenkle, M.D., Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. Mary Begole,<br><br>             Plaintiff,<br><br>v.<br><br>INGRID E. TRENKLE, M.D.; INGRID E. TRENKLE, M.D., INC.; and DOES 1 through 50,<br><br>             Defendants. | Case No. EDCV 06-1104 VAP (OPX)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br><br><br>Judge: Honorable Virginia A. Phillips |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

1

878393_1

Defendants Ingrid E. Trenkle, M.D. and Ingrid E. Trenkle, M.D., Inc. (collectively, "Defendants"), by and through their attorneys, hereby respond to the First Amended Complaint of Plaintiff/Relator Mary Begole, M.D. ("Plaintiff"), as follows:

## I. NATURE OF THE ACTION

1. Denied. Paragraph 1 of Plaintiff's First Amended Complaint ("FAC") purports to describe the nature of the lawsuit filed by Plaintiff based on Defendants' alleged submission of false and fraudulent claims to the United States. All of the allegations set forth in this averment are specifically denied.

2. Admitted in part; denied in part. It is admitted that Ingrid E. Trenkle, M.D. ("Dr. Trenkle") maintains a dermatology practice in southern California where Plaintiff was hired as an independent contractor for a period of time. It is further admitted that Plaintiff was hired as an independent contractor primarily to perform laser treatments on Dr. Trenkle's patients. All of the other allegations set forth in this averment are specifically denied.

3. Denied. All of the allegations set forth in this averment are specifically denied.

4. Denied. All of the allegations set forth in this averment are specifically denied.

5. Admitted in part; denied in part. It is admitted only that the National Heritage Insurance Company ("NHIC") requested records for 10 Medicare beneficiaries from Dr. Trenkle. All of the other allegations set forth in this averment are specifically denied.

5. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required. (Plaintiff inadvertently numbered two paragraphs as number "5").

6. Denied. The False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

7. Denied. The FCA is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

8. Denied. The FCA is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

9. Denied. The FCA is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

10. Denied. The FCA is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

11. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

12. Denied. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

## II. PARTIES

13. Admitted in part; denied in part. It is admitted only that Dr. Trenkle hired Plaintiff to work in Dr. Trenkle's dermatology practice as an independent contractor. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in the remainder of this paragraph; accordingly, they are denied.

14. Admitted.

15. Denied. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

## III. JURISDICTION AND VENUE

16. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

17. Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph; accordingly, they are denied.

18. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## IV. INTRODUCTION AND BACKGROUND

### A. The Medicare Program

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied. CPT code 17108 is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

23. Denied. Title 18 of the Social Security Act ("Act") is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

24. Denied. The Act is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

25. Denied. The Local Coverage Decision issued by the NHIC referenced in this paragraph is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied. All of the other allegations set forth in this averment are specifically denied.

26. Denied. The National Coverage Determination issued by the Centers for Medicare & Medicaid Services ("CMS") referenced in this paragraph is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied. All of the other allegations set forth in this averment are specifically denied.

27. Denied. The National Coverage Determination issued by CMS referenced in this paragraph is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied. All of the other allegations set forth in this averment are specifically denied.

28. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

**B.    Dr. Trenkle's Practice**

29. Admitted in part; denied in part. It is denied that Dr. Trenkle employs physicians, medical assistants, and office administrative staff as employees and not independent contractors. The remainder of this averment is admitted.

30. Admitted. By way of further answer, Dr. Trenkle hired Plaintiff as an independent contractor.

31. Admitted in part; denied in part. It is admitted only that the Medical Board of California cited Dr. Trenkle. The citation is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

### C. Record Request by the Medicare Carrier

32. Admitted in part; denied in part. It is admitted only that Dr. Trenkle received the letter dated March 15, 2006 from NHIC referenced in this paragraph. The letter is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

## V. ALLEGATIONS

33. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

### A. Billing for Services That Were Not Medically Necessary

34. Denied. All of the allegations set forth in this averment are specifically denied.

35. Admitted in part; denied in part. It is admitted only that generally after Plaintiff performed a laser procedure, she recorded what she had done in the patient's medical record and she wrote on the charge slip, or pre-billing form, the date that the patient was to return for additional treatment or a follow-up appointment. All of the other allegations set forth in this averment are specifically denied.

### B. Fraudulent Billing for Services Which Have Been Improperly Upcoded

36. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

37. Denied. By Order dated July 16, 2010, the United States District Court for the Central District of California held that Plaintiff's upcoding claims failed to satisfy Rule 9(b)'s heightened pleading standard. Plaintiff failed to amend her complaint. Accordingly, Plaintiff's upcoding claims are no longer a part of her case and no response is necessary to this paragraph.

38. Denied. By Order dated July 16, 2010, the United States District Court for the Central District of California held that Plaintiff's upcoding claims failed to satisfy Rule 9(b)'s heightened pleading standard. Plaintiff failed to amend her complaint. Accordingly, Plaintiff's upcoding claims are no longer a part of her case and no response is necessary to this paragraph.

C. **Examples of Fraud**

39. Denied. All of the allegations set forth in this averment are specifically denied.

   a. This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

   b. This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

   c. This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

   d. This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

   e. This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

f.      This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

g.      This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

h.      This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

i.      This paragraph references and relies upon a patient's medical record which is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

40.     Denied. It is specifically denied that Dr. Trenkle billed for medically unnecessary services or upcoded any services. All of the allegations set forth in this averment are specifically denied.

**D.     Falsification of Medical Records**

41.     Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

42.     Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph; accordingly, they are denied.

43.     Admitted in part; denied in part. It is admitted only that the NHIC letter requested photocopies of certain patient charts and that Dr. Trenkle asked Dr. Begole to supplement the

patient charts with truthful information concerning the patient that Dr. Begole should have placed in the chart when she treated the patient. Dr. Trenkle did not instruct Dr. Begole to supplement the records with anything that was not true or anything that would mislead the insurance company. All of the other allegations set forth in this averment are specifically denied.

44. Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph regarding Plaintiff's reviewing and photocopying patient medical records; accordingly, they are denied. Dr. Trenkle specifically denies that she told Plaintiff there was no use in Plaintiff coming to work anymore if Plaintiff refused to falsify medical records. Dr. Trenkle further specifically denies that she retaliated against Plaintiff by making Plaintiff's working environment "intolerable."

45. Denied. Dr. Trenkle specifically denies that she falsified anything or that she made the various statements attributed to her in this paragraph.

46. Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph; accordingly, they are denied.

47. Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph; accordingly, they are denied.

E. **Billing Fraud and Quality of Care**

48. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

49. By Order dated July 16, 2010, the United States District Court for the Central District of California held that Plaintiff's Kerastick claims failed to satisfy Rule 9(b)'s

heightened pleading standard. Plaintiff failed to amend her FAC. Accordingly, Plaintiff's Kerastick claims are no longer a part of her case and no response is necessary to this paragraph.

50. By Order dated July 16, 2010, the United States District Court for the Central District of California held that Plaintiff's Kerastick claims failed to satisfy Rule 9(b)'s heightened pleading standard. Plaintiff failed to amend her FAC. Accordingly, Plaintiff's Kerastick claims are no longer a part of her case and no response is necessary to this paragraph.

51. By Order dated July 16, 2010, the United States District Court for the Central District of California held that Plaintiff's Kerastick claims failed to satisfy Rule 9(b)'s heightened pleading standard. Plaintiff failed to amend her FAC. Accordingly, Plaintiff's Kerastick claims are no longer a part of her case and no response is necessary to this paragraph.

**F.  Wrongful Retaliation in Violation of the False Claims Act**

52. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

53. Denied. Dr. Trenkle hired Plaintiff as an independent contractor to work in Dr. Trenkle's Redlands office only. By way of further response, there were discussions about opening an office in Palm Desert and, if so, that Plaintiff would perform laser treatments there. All of the other allegations set forth in this averment are specifically denied.

54. Denied. All of the allegations set forth in this averment are specifically denied.

55. Denied. All of the allegations set forth in this averment are specifically denied.

56. Denied. All of the allegations set forth in this averment are specifically denied.

57. Denied. All of the allegations set forth in this averment are specifically denied.

      a.    Admitted in part; denied in part. It is admitted only that Dr. Trenkle began locking her office door. All other allegations set forth in this averment are specifically denied.

      b.    Denied. All of the allegations set forth in this averment are specifically denied.

      c.    Denied. All of the allegations set forth in this averment are specifically denied.

      d.    Denied. All of the allegations set forth in this averment are specifically denied.

      e.    Denied. All of the allegations set forth in this averment are specifically denied.

58.    Denied. The FCA is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied.

59.    Admitted in part; denied in part. It is admitted that on June 23, 2006, Dr. Trenkle received a letter from Plaintiff demanding over $188,000 as wages. It is further admitted that six days after receiving this letter, an attorney representing Dr. Trenkle told Plaintiff not to return to Dr. Trenkle's office. All of the other allegations set forth in this averment are specifically denied.

**G.    Violation of California Labor Code § 1102.5(b) and Termination of Employment in Violation of Public Policy.**

60.    Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

61.    Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph regarding Plaintiff's actions; accordingly, they are

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

11

878393_1

denied. It is specifically denied that Plaintiff told Dr. Trenkle that Plaintiff had reported Dr. Trenkle to any authorities. To the extent the paragraph references California Labor Code § 1102.5(b), this statute is a writing that speaks for itself. Any characterization of this writing by Plaintiff is denied. By way of further answer, to the extent Plaintiff alleges a violation of this statute, such allegation is a conclusion of law, to which no response is required.

62. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

63. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

**H.　Violation of Employment Contract and Unjust Enrichment**

64. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

65. Denied. All of the allegations set forth in this averment are specifically denied.

66. Denied. Dr. Trenkle lacks knowledge sufficient to form a belief as to the truth of the averments contained in this paragraph; accordingly, they are denied.

67. Denied.

**Count I**

**False Claims Act, 31 U.S.C. §§ 3729(a)(1) and (a)(2)**

68. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

69. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

70. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

71. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

72. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

73. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

74. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## Count II

### False Claims Act, 31 U.S.C. § 3729(a)(3)

75. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

76. No responsive pleading is necessary. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

77. No responsive pleading is necessary. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

78. No responsive pleading is necessary. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

79. No responsive pleading is necessary. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

80. No responsive pleading is necessary. By Order dated July 16, 2010, the United States District Court for the Central District of California dismissed Count II of Plaintiff's FAC alleging a violation of the FCA under 31 U.S.C. § 3729(a)(3). Plaintiff failed to amend her FAC. Accordingly, this claim is dismissed with prejudice.

## Count III

### False Claims Act, 31 U.S.C. § 3730(h)

81. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

82. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

83. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## Count IV

### Wrongful Termination in Violation of Public Policy and California Labor Code § 1102.5

84. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

85. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

86. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

87. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

88. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## Count V

### Breach of Contract and Unjust Enrichment

89. Defendants incorporate by reference their responses to the proceeding paragraphs as if fully set forth herein.

90. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

91. Denied. The allegations contained in this paragraph constitute conclusions of law, to which no response is required.

## AFFIRMATIVE DEFENSES

92. Count I of the First Amended Claim fails to state a cause of action upon which relief can be granted.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

878393_1

93. Count III of the First Amended Claim fails to state a cause of action upon which relief can be granted.

94. Count IV of the First Amended Claim fails to state a cause of action upon which relief can be granted.

95. Count V of the First Amended Claim fails to state a cause of action upon which relief can be granted.

96. Count I of the First Amended Claim fails to plead its upcoding claim with sufficient particularity under Rule 9(b) and Plaintiff failed to amend her First Amended Complaint.

97. Count I of the First Amended Claim fails to plead its Kerastick claim with sufficient particularity under Rule 9(b) and Plaintiff failed to amend her First Amended Complaint.

98. Count III of the First Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

99. Count III of the First Amended Complaint is barred in whole or in part by the doctrines of estoppel, laches or waiver.

100. Count IV of the First Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

101. Count IV of the First Amended Complaint is barred in whole or in part by the doctrines of estoppel, laches or waiver.

102. Count V of the First Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

103. Count V of the First Amended Complaint is barred in whole or in part by the doctrines of estoppel, laches or waiver.

104. Count V of the First Amended Complaint is barred in whole or in part by the doctrines of accord and satisfaction.

105. Count V of the First Amended Complaint is barred in whole or in part by the doctrines of release.

106. The claims alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of release.

107. On information and belief, Plaintiff has failed to mitigate some or all of her damages.

108. The claims alleged in the First Amended Complaint are barred, in whole or in part, by the applicable statutes of limitation.

109. The Plaintiff's claims for damages are limited by the after-acquired evidence doctrine.

110. The Plaintiff's claims for retaliation and wrongful discharge are barred, in whole or part, because Defendants had a legitimate, non-retaliatory reason for terminating Plaintiff and because Plaintiff was not engaged in "lawful activity done… in furtherance of an action under Section 31 U.S.C. 3729."

111. The Plaintiff's claims for retaliation and wrongful discharge are barred, in whole or part, because Plaintiff cannot establish a causal connection between her allegedly protected activity and her termination.

112. To the extent Plaintiff is seeking punitive damages, these damages are barred because Defendants at no time engaged in retaliatory practices or actions with malice or with knowledge of the violation of, or in reckless disregard for, the Plaintiff's rights.

113. Plaintiff's claims for retaliation and wrongful discharge are barred, in whole or part, because Plaintiff did not have an objective reasonable belief that Defendants were violating or planning to violate any applicable law, regulation or clear mandate of public policy.

114. There is a lack of privity of contract between Plaintiff and one or more of the Defendants

115. Plaintiff has not been damaged by any act or omission of Defendants.

116. The termination of Plaintiff's employment was based on reasonable factors other than retaliation.

117. Plaintiff's claims are barred or limited, in whole or in part, by such additional defenses as may be raised subsequently by defendants, based on continuing and ongoing investigation and future discovery.

118. At all times material hereto, Plaintiff was an independent contractor and not an employee of Defendants.

119. Count III of the First Amended Complaint is barred because Plaintiff was an independent contractor hired by Defendants and not an employee of Defendants.

120. Count IV of the First Amended Complaint is barred because Plaintiff was an independent contractor hired by Defendants and not an employee of Defendants.

121. Count V of the First Amended Complaint is barred because Plaintiff was an independent contractor hired by Defendants and not an employee of Defendants.

WHEREFORE, Defendants Ingrid E. Trenkle, M.D. and Ingrid E. Trenkle, M.D., Inc. respectfully request that the Court enter judgment in their favor and against Plaintiff Mary Begole, M.D., on all remaining counts in her First Amended Complaint.

Dated: August 30, 2010         By: /s/ Jefferey B. Lurner
                                   Jefferey B. Lurner, Esq.
                                   CA Bar No. 135452
                                   The Law Offices of Jefferey B. Lurner, APC
                                   114 Pacifica, Suite 250
                                   Irvine, CA 92618
                                   Tel: (949) 640-4321
                                   Fax: (949) 271-5711
                                   jlurner@email.com

                                   David M. Laigaie, Esq.
                                   Mark A. Wachlin, Esq.
                                   DILWORTH PAXSON LLP
                                   1500 Market Street, Suite 3500E
                                   Philadelphia, PA 19102
                                   Tel: (215) 575-7195/7168
                                   Fax: (215) 575-7200
                                   mwachlin@dilworthlaw.com
                                   dlaigaie@dilworthlaw.com
                                   *Admitted Pro Hac Vice*
                                   *Attorneys for Ingrid E. Trenkle, M.D., and Ingrid E. Trenkle, M.D., Inc.*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

878393_1

## PROOF OF SERVICE

I, Mark A. Wachlin, Esquire, hereby certify that I caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to be served this day via electronic mail via the ECF court filing system to the following:

Shana T. Mintz, AUSA
300 North Los Angeles Street, Room 7516
Los Angeles, CA
Philadelphia, PA 19103
usacac.civil@usdoj.gov
*Counsel for the United States*

Peter R. Nasmyth, Jr.
434 West Arrow highway
Claremont, CA 91711
prnlaw@msn.com
*Counsel for Relator*

/s/ Mark A. Wachlin
Mark A. Wachlin, Esquire

Dated: August 30, 2010

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
CASE NO. 06-1104

878393_1